UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICKEY LITTLE                                                      CIVIL ACTION

VERSUS                                                             NO. 07-2818

DEPUTY ROBERT MARX  ET AL.                                         SECTION "A" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Rickey Little, is a pretrial detainee currently incarcerated in the Jefferson Parish Correctional Center in Gretna, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against four defendants, including Patrick A. McNulty, M.D. Concerning Dr. McNulty, plaintiff alleges that he was arrested by Jefferson Parish Sheriff's Deputies on July 10, 2006 and was taken to "East Jefferson Ochsner Hospital" for treatment of his injuries suffered during the arrest. He alleges that Dr. McNulty deliberately concealed the extent of his injuries and failed to stitch or staple "numerous three (3) inch lacerations," which resulted in an infection, pain and permanent disfigurement. Little seeks monetary damages. Record Doc. No. 1 (Complaint at ¶ V).

Dr. McNulty filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Record Doc. No. 23. Little filed a written opposition. Record Doc. No. 30.

ANALYSIS

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true. In Re Katrina Canal Breaches Litig., --- F.3d ----, 2007 U.S. App. LEXIS 18349, at *28 (5th Cir. Aug. 2, 2007). "All questions of fact and any ambiguities in the current controlling substantive law must be resolved in the plaintiff's favor." Lewis v. Fresne, 252 F.3d 352, 357 (5th Cir. 2001); accord Lovick v. Ritemoney Ltd., 378 F.3d 433, 437 (5th Cir. 2004).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' 'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" In Re Katrina Canal Breaches Litig., 2007 U.S. App. LEXIS 18349, at *28 (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974, 1965 (2007)).

Dr. McNulty asserts two grounds for dismissal, neither of which is well-founded. First, he argues that the court lacks subject matter jurisdiction because "he is a practicing physician in the State of Louisiana and Plaintiff is a resident and citizen of the State of Louisiana." Defendant's memorandum in support of motion, Record Doc. No. 23-3 at p.1. Dr. McNulty contends that the court lacks diversity jurisdiction. See 28 U.S.C.

§ 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) <u>citizens</u> of different States . . .") (emphasis added).

Even assuming that Little is a Louisiana citizen, which is not alleged in his complaint, and that Dr. McNulty is a Louisiana citizen, which is also not alleged in his motion, the clearly alleged jurisdictional basis for plaintiff's complaint is 42 U.S.C. § 1983. Record Doc. No. 1, at p.1. The court therefore has federal question jurisdiction. 28 U.S.C. § 1331.

Second, Dr. McNulty contends that plaintiff's complaint against him should be dismissed because there is no evidence that he ever treated plaintiff. This argument does not address the Rule 12(b)(6) standard. The standard of review of a motion to dismiss precludes the consideration of any evidence, or lack of evidence, outside the complaint. Accepting the well-pleaded facts of plaintiff's complaint as true, Little states that Dr. McNulty treated him and acted with deliberate indifference to his serious medical needs.

A preliminary conference is scheduled in this case on September 6, 2007. At that time, plaintiff will testify pursuant to <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985), and its progeny. At that time, the court will determine if a claim against Dr. McNulty has been stated pursuant to 28 U.S.C. § 1915A. However, none of the grounds for dismissal asserted in this motion support dismissal at this time.

## **RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** that the motion to dismiss filed by Patrick A. McNulty, M.D., be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __7th__ day of August, 2007.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE